**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

DINO KATTATO,
Individually and on behalf of all others
similarly situated
5260 Crossbow Circle, Unit 9E
Cave Spring, VA 24018,

        Plaintiff,

   vs.

CROSS COUNTRY HEALTHCARE,
INC.,
Serve: Corporation Service Company,
Registered Agent
100 Shockoe Slip Fl 2
Richmond, VA 23219 – 4100

        Defendant.

**CASE NO.**    7:23cv00485

**CLASS ACTION COMPLAINT**

    Plaintiff Dino Kattato brings this class action against Defendant Cross Country Healthcare and alleges the following upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## INTRODUCTION AND NATURE OF THE ACTION

    1.    This is a putative class action pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*., and other applicable law.

    2.    After receiving text message solicitations from Defendant, Plaintiff requested that he and his phone number be removed from Defendant's call list(s).

    3.    Defendant received Plaintiff's request, but failed to place Plaintiff on an internal

Do Not Call list.

4.      Defendant continued to illegally send Plaintiff text solicitations over the course of several months in violation of the TCPA's Internal Do Not Call List rules and regulations.

5.      Plaintiff's phone number was on the National Do Not Call Registry when Defendant sent the text messages.

6.      By continuing to illegally send Plaintiff text message solicitations, Defendant also failed to comply with the TCPA's National Do Not Call Registry rules and regulations.

7.      Once Plaintiff requested that Defendant stop contacting him, Defendant violated the TCPA by sending further text messages.

8.      Defendant also violated the TCPA by failing to implement policies to ensure compliance with the TCPA's Internal Do Not Call List rules and regulations, as well as the TCPA's National Do Not Call Registry rules and regulations.

9.      Through this class action, Plaintiff seeks declaratory and injunctive relief to halt Defendant's unlawful conduct, which has resulted in nuisance, as well as intrusion into, and disruption of, the privacy and solitude of his (and the putative class members') life.

10.      Plaintiff also seeks statutory damages on behalf of Plaintiff and members of the putative Class, and any other available legal or equitable remedies this Court sees fit to grant for Defendant's invasion of his and the putative class members' privacy.

## JURISDICTION, VENUE, AND PARTIES

11.      Defendant is a Delaware domiciled corporation with principal world headquarters located in Boca Raton, Florida.

12.      Defendant is one of the largest healthcare staffing placement companies in the United States. Defendant contracts with healthcare facilities all over the country to fill staffing

needs, for which Defendant is paid. Defendant solicits healthcare professionals like Plaintiff to utilize Defendant's placement services to fill thousands of locum tenens (or travel healthcare) positions a year, generating revenue in the billions.

13. This Court has jurisdiction over this action for the following reasons:

a. Defendant sent, or caused or allowed to be sent by its agent(s), text message solicitations in the Western District of Virginia.

b. Defendant sent, or caused or allowed to be sent by its agent(s), text message solicitations specifically to Plaintiff's cellular telephone number to advertise its job placement services, in the Western District of Virginia.

c. No other class action asserting these claims against this Defendant on behalf of similar persons has been filed; and

d. Defendant conducts business throughout the Western District of Virginia.

14. Plaintiff received such calls while residing in, and while physically present in, the Western District of Virginia.

15. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the claim occurred here.

16. Plaintiff is a natural person who, at all times relevant to this action, was a citizen and permanent resident of the Roanoke County, Virginia.

17. Defendant took all of the actions alleged against it herein by its agents, employees, and/or other authorized representatives.

**<u>FACTS</u>**

18. Plaintiff is the regular user and owner of the telephone number ending in "3435" (hereafter "Phone Number").

19. Plaintiff utilizes this Phone Number as his telephone number for personal purposes, and the number is Plaintiff's cellular telephone.

20.     Plaintiff has owned/been assigned this Phone Number at all times relevant to this suit.

21.     The Phone Number has been on the National Do Not Call Registry at all times relevant, and since at least May 30, 2019.

22.     Plaintiff is an advanced-practice nurse (a certified registered nurse anesthetist or CRNA) living in Virginia.

23.     During the course of his career, Plaintiff has worked travel healthcare jobs.

24.     Plaintiff has perused third-party job boards via the internet and inquired about particular travel healthcare jobs in the past.

25.     As a part of this process, Plaintiff has provided his email and/or the Phone Number for follow-up information, including via emails, text messages, and calls.

26.     For approximately eighteen months preceding this Complaint, Plaintiff had responded to third-party job posts placed by Defendant, and had conversations with representatives from Defendant regarding potential jobs.

27.     Plaintiff never accepted one of these offers from Defendant for its placement services.

28.     At some point, Plaintiff agreed to be contacted at the Phone Number by Defendant about potential jobs.

29.     However, Defendant's constant text messaging soon became increasingly intrusive and disruptive of Plaintiff's privacy and life.

30.     Plaintiff responded to one of Defendant's text messages with a request that Defendant stop texting him.

31.     The following is the sequence of the text messages in question:

a.  Text message from Defendant, dated December 20, 2022 at 10:26 A.M.: "Good morning, My name is Tiffany with Cross Country Locums. I'm reaching out because I have amazing opportunities all over NY from Nassau Cty, to Suffolk Cty, to Troy etc., if you or someone if you or someone you know are looking for CRNA locum assignments in NY or any other state if you refer to me and they are placed on an assignment we will pay you $2K. I look forward to speaking with you and working with you. Have a great day!"

b.  Immediate text message response from Plaintiff dated December 20, 2022 at 10:27 A.M.: "Please remove me from your list. Thank you".



c.  Text message from Defendant, dated January 12, 2023 at 11:44 A.M.: "My name is Tiffany with Cross Country Locums, I am reaching out because I have an amazing opportunity in Maine $220/hr. If you don't have a ME license no worries we are reimbursing for licenses, if you or someone you know are interested please text me your email. We also have a great referral program for every CRNA you refer to me that is placed on an assignment we will pay you $2K. I look forward to speaking with you and working with you, have a great day!"

d.  Immediate text message response from Plaintiff, dated January 12, 2023 at 11:45 A.M.: "I'll ask you one last time. Please remove me from your lists. Thank you."



e. Immediate text response from Defendant dated January 12, 2023 at 11:46 A.M.:
   "My apologies you are removed. Have a great day!"



f.  Text message from Defendant dated March 8, 2023 at 12:28 P.M.: "Good afternoon, My name is Tiffany with Cross Country Locums, I am sending you a quick message because I have multiple opportunities in New York in other areas as well. If you or someone you know would like details please text me your email. We also have an amazing referral program for every CRNA you refer to me that is placed on an assignment we will pay you $2K. I look forward to speaking and working with you, have an amazing day!"

g.  Immediate text message response from Plaintiff, dated March 8, 2023 at 12:29 P.M.: "Tiffany, and you wonder why CRNAs get perturbed with recruiters. Have a

8

pleasant day." This response included a screenshot of Plaintiff's prior written requests to be taken off Defendant's contact lists.





h.  Immediate text response from Defendant, dated March 8, 2023 at 12:30 P.M. : "I had you removed, my apologies. I removed you the last time we spoke. Have a great day."

i.  Text message from Defendant, dated March 24, 2023 at 1:45 P.M.: "Good Afternoon, My name is Tiffany with Cross Country Locums, I am reaching out to see if you are in the market for CRNA locum assignments. I have an assignment available in Hauppauge, NY at a Surgery ctr. If you or someone you know would like details, please text me your email address. We also have an amazing referral program, for every CRNA you refer to me that is placed we will pay you $2K. I

look forward to speaking with you, and working with you. Have a great day!"



j.   Immediate text message response from Plaintiff, dated March 24, 2023 at 1:46
     P.M.: "This is the fourth time you've texted and that I've asked to be removed from
     your lists. You even said I was removed on 3/8 communication. Please assure me
     I'm off your lists. You and your outfit will be outed to my 60,000 colleagues of
     who to avoid. Have a blessed day"



32.     Defendant failed to comply with Plaintiff's initial unequivocal request not to be contacted, and at least three of Plaintiff's additional subsequent requests, all over the course of months.

33.     Plaintiff's first request terminated any established business relationship under the TCPA, for purposes of telemarketing and telephone solicitation such as the texts messages Defendant continued to send Plaintiff.  See 47 C.F.R 64.1200(f)(5)(i) et seq.

34.     Once Plaintiff revoked his consent to be contacted, and because Plaintiff had previously registered his phone number on the National Do Not Call Registry, Defendant was obligated to comply with the TCPA and its requirements that companies not call numbers on the National Do Not Call Registry, as well as implement policies to ensure such compliance.

35.     Defendant contacted Plaintiff more than 31 days after Plaintiff registered his phone number on the National Do Not Call Registry.

36.     Plaintiff requested Defendant not to contact him on December 20, 2022 specifically stating to Defendant, "Please remove me from your list. Thank you."

37.     Defendant subsequently contacted Plaintiff via text message on January 12, 2023 (23 days after Plaintiff's initial request), March 8, 2023 (78 days after Plaintiff's initial request), and March 24, 2023 (94 days after Plaintiff's initial request).

38.     Each of these subsequent text messages is a violation of the TCPA.

39.     Defendant does not have an adequate policy or procedure to ensure people who request not to be contacted are added to its Internal Do Not Call List.

40.      Defendant does not have an adequate policy or procedure to ensure that phone numbers on the National Do Not Call Registry are not called.

41.     Each of these text messages from Defendant caused Plaintiff's telephone to make

noise, vibrate, and/or otherwise notify Plaintiff; occupied Plaintiff's phone; and disrupted his daily life, typically while he was at work or enjoying his privacy.

42.     These text messages were sent from the same phone number, (678) 245-7032.

43.     Plaintiff has found this phone number in other job posts associated with at least two of Defendant's recruiters[1], indicating it is a corporate number of Defendant's used for the commercial purposes of soliciting staffing fulfilments for its economic gain.

44.     Plaintiff's experience demonstrates that Defendant has knowingly and willfully sent solicitations via text message while failing to develop and/or properly maintain protocols for an internal Do Not Call list to meet its obligations under the TCPA's internal Do Not Call list statute and related regulations. 47 U.S.C § 227(c); 47 C.F.R. § 64.1200(d).

45.     Plaintiff resided in and was present in Virginia when he received these telephonic sales calls.

46.     Defendant's actions of sending numerous text messages, including after repeated explicit requests to be placed on an internal Do Not Call list, caused Plaintiff and putative class members harm, including invasion of the seclusion of the home and/or workplace, aggravation, wasting of Plaintiff's time, and nuisance.

47.     Defendant's text messages also inconvenienced Plaintiff, caused disruptions to Plaintiff's daily professional and personal life, demanded Plaintiff's immediate attention, hijacked the Plaintiff's device, used Plaintiff's phone's storage, used Plaintiff's mobile data, and subjected Plaintiff to higher electricity costs to charge his phone because receiving the calls and voicemails depleted Plaintiff's phone's battery.

---

[1]    https://jobs.wjtv.com/jobs/crna-certified-registered-nurse-anesthetist-farmington-connecticut/934207315-2/ last visited May 16, 2023. https://www.emcareers.org/job/578314/physician-emergency-medicine-competitive-salary/ last visited on May 16, 2023.

48.     Each and every one of these texts caused Plaintiff the redressable harm the TCPA was meant to protect against.

49.     Defendant's text messages violated Plaintiff's substantive rights under the TCPA to be free from invasive nuisance texts like Defendant's.

50.     More specifically, Defendant's text messages violated the sections of the TCPA which protect people like Plaintiff who a) specifically request to not be contacted and b) have their number on the National Do Not Call Registry.

51.     Defendant acted similarly as to the putative Class, who were similarly harmed by Defendant's conduct.

## CLASS ALLEGATIONS

52.     Plaintiff realleges and incorporates the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

53.     Defendant and its agents have violated, and continue to violate, the TCPA as stated herein, including as to Plaintiff and the other members of the putative Classes.

54.     Plaintiff brings this lawsuit as a class action on behalf of himself individually and on behalf of all other similarly situated persons pursuant to 47 U.S.C. § 227, *et seq*. Plaintiff seeks to represent the following Classes:

> **Internal Do Not Call List Class**: All persons to whom, within the four years prior to the filing of this lawsuit, Defendant (or Defendant's agent) initiated or authorized the initiation of one or more calls or text messages for the purpose of job placement services following a request by such individual not to receive such communications.

> **National Do Not Call Registry Class**: All persons who, within the four years prior to the filing of this lawsuit, had their phone number on the National Do Not Call Registry and whom Defendant called or texted at that phone number when that phone number had been on the National Do Not Call Registry for at least 32 days.

55. Excluded from the Classes are Defendant and its employees or agents, and all members of the judiciary handling this suit and their staff.

56. Plaintiff reserves the right to modify the definitions of the Classes as stated here pursuant to facts learned through further investigation and discovery.

57. These Classes number in the thousands of persons and are so large that joinder of all members is impracticable, and it is further impracticable to bring all such persons before this Court.

58. The exact number and identities of the members of the Classes are unknown at this time and can only be ascertained through discovery. Identification of the members of the Classes is a matter capable of ministerial determination from Defendant's records or other accessible sources.

59. The injuries and damages to these members of the Classes present questions of law and fact that are common to each member of the Classes, and that are common to the Classes as a whole. These common questions include, but are not limited to:

    a. Whether Defendant's conduct was knowing and/or willful;
    b. Whether Defendant sent, or allowed to be sent, text messages to Plaintiff and the putative members of the Internal Do Not Call Class after receiving requests from those individuals to be placed on an internal Do Not Call list.
    c. Whether Defendant texted Plaintiff and the putative class members while not having protocols in place that meet its obligations for maintenance of an internal Do Not Call list pursuant to the TCPA and related regulations;
    d. Whether Defendant texted Plaintiff and the putative members of the National Do Not Call Registry class while not having protocols in place that meet its related obligations pursuant to the TCPA and relevant regulations;
    e. Whether Defendant is liable for damages, and the amount of such damages; and
    f. Whether Defendant should be enjoined from such conduct in the future.

60. The common questions in this case are capable of having common answers. If Plaintiff is correct in asserting that Defendant has sent text solicitations to Plaintiff and the putative

16

class members while failing to develop and/or properly maintain an internal Do Not Call list and/or by failing to develop and/or properly maintain an established procedure to comply with the National Do Not Call Registry registrations, Plaintiff and the putative members of the Classes will have identical claims capable of being efficiently adjudicated and administered in this case.

61.     Upon information and belief, Defendant has engaged in the same conduct regarding the other members of the Classes asserted in this suit.

62.     The claims, defenses, and injuries of the representative Plaintiff are typical of the claims, defenses and injuries of the members of the entire Classes, and the claims, defenses and injuries of each member of the Classes are typical of those of each of the entire Classes.

63.     Representative Plaintiff and putative Class Counsel will fully and adequately protect and represent the entire class, and all its putative members.

64.     The identity of all members of these Classes cannot be determined at this time, but will be determined upon obtaining discovery from Defendant and others.

65.     The prosecution of separate actions by each class member would create a substantial risk of inconsistent or varying adjudications with regard to individual members of the Classes that would establish incompatible standards of conduct for Defendant.

66.     The prosecution of separate actions would also create a substantial risk of adjudication with respect to individual class members which, as a practical matter, would be dispositive of the interest of other members not parties to the adjudication, thereby substantially impairing and impeding their ability to protect these interests.

67.     Further, the maintenance of this suit as a class action is the superior means of disposing of the common questions which predominate herein.

68.     A class action is superior to all other available methods for the fair and efficient

adjudication of this lawsuit, because individual litigation of the claims of all members of the Classes is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Classes are potentially in the millions of dollars, the individual damages incurred by each member of the Classes resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

**COUNT I**
**Violation of the TCPA, 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)**
**(On Behalf of Plaintiff and the putative members of the Internal Do No Call List Class)**

69.     Plaintiff realleges and incorporates the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

70.     The regulations to the TCPA (as authorized by and implemented through 47 U.S.C. 227(c) et seq.) state that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity" 47 C.F.R. § 64.1200(d). This subsection and its subparts are referred to as the Internal Do Not Call list ("IDNC") regulations.

71.     The minimum standards for maintaining proper IDNC procedures include:

> ….
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or

18

entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

    ….

    (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made."

47 C.F.R. § 64.1200(d)(2), (3) and (6).

58.    Defendant, through its telemarketing personnel, initiated numerous, repeated messages for the purpose of encouraging Plaintiff to engage Defendant's services.

59.    These texts continued to be sent even after Plaintiff's and the putative Class members' requests that Defendant not send them text messages.

60.    Defendant has failed to maintain the minimum TCPA standards for IDNC procedures by, inter alia, a) failing to train its employees and/or agents as required and b) failing to honor Plaintiff's do not call request for at least five years.

61.    Defendant's knowing and/or willful continuation of its telemarketing text messages to Plaintiff and the putative Class members despite receiving requests to stop, and its failure to institute the above listed minimum standards for IDNC procedures, constitute a violation of 64 C.F.R. § 64.1200(d).

62.    As a result of Defendant's conduct, and pursuant to 47 § 227(c)(5) of the TCPA, Plaintiff and the putative Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation, and up to $1,500 per violation made willfully and/or

knowingly. § 227(c)(5)(C). Plaintiff and the putative Class members are also entitled to an injunction against future calls. § 227(c)(5)(A).

**COUNT II**
**<u>Violation of the TCPA, 47 U.S.C. § 227 et seq.; 47 C.F.R. § 64.1200(c) et seq.</u>**
**(On Behalf of Plaintiff and putative members of the National Do Not Call Registry Class)**

63.     Plaintiff realleges and incorporates the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

64.     The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

65.     Further, the TCPA allowed for the creation of regulations that required the "establishment and operation of a single national database to compile a list of telephone numbers of residential[.] subscribers who object to receiving telephone solicitations[.]" 47 U.S.C. § 227(c)(3).

66.     Under 47 C.F.R. § 64.1200(c)(2), a regulation created pursuant to § 227(c)(3), "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

67.     A caller is not liable for violating the TCPA if it can demonstrate that its violation is the result of error and that, as part of its routine business practice, it meets certain standards as defined by 47 C.F.R. § 64.1200I(2)(i).

68.     Defendant initiated, or caused to be initiated, telephone solicitations to residential telephone subscribers like Plaintiff and National Do Not Call Registry Class members who

20

registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

69.     Upon information and belief, Defendant does not have written procedures to comply with the national do not call regulations, pursuant to 47 C.F.R. § 64.1200(c)(2)(i)(A) or (B).

70.     Upon information and belief, Defendant does not maintain or record a list of telephone numbers that it may not contact, pursuant to 47 C.F.R. § 64.1200(c)(2)(i)(C).

71.     Upon information and belief, Defendant does not have a process to prevent telephone solicitations to any telephone number on any list established pursuant to 47 C.F.R. § 64.1200(c)(2)(i)(D).

72.     Upon information and belief, Defendant fails to comply with any and/or all of the National Do Not Call Registry standards as defined by 47 C.F.R. 64.12000(c)(2)(i).

73.     Because Plaintiff and the National DNC Class members received more than one telephone call and/or text message call in a 12-month period made by or on behalf of Defendant in violation 47 C.F.R. § 64.1200(c)(2), as described above, Defendant further violated the TCPA, specifically 47 U.S.C. § 227(c)(5).

74.     As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and members of the National Do Not Call Registry Class are entitled to award of at least $500.00 in statutory damages, for each and every negligent violation of the TCPA and $1,500 in statutory damages for each and every knowing and/or willful violation of the TCPA.

75.     Plaintiff and members of the National Do Not Call Registry Class are, pursuant to the TCPA, also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the

future.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays that the Court grant it the following relief:

a. An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

b. An award of actual and/or statutory damages for Plaintiff and each member of the Classes;

c. An award of statutory damages for Plaintiff and each member of the putative Classes under the TCPA;

d. An order declaring that Defendant's actions, as set out above, violate the TCPA;

e. An injunction requiring Defendant to cease all illegal texting activity, and to otherwise protect the interests of the Classes;

f. An injunction prohibiting Defendant from continuing its practice of sending solicitation texts until it has complied with its obligations under the TCPA and related regulations regarding the development and maintenance of Internal Do Not Call list and National Do Not Call Registry protocols, as set forth in, inter alia,47 C.F.R. § 64.1200(d) and C.F.R § 64.1200(c);

g. An award of reasonable attorney's fees to Plaintiff's counsel and class counsel along with an award of litigation expenses and costs;

h. Prejudgment interest on all damages, attorney's fees and other amounts awarded; and

i. Such further and other legal and equitable relief as the Court deems proper.

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession, custody or control of

Defendant or any of its agents or any vendors, individuals, and/or companies contracted, hired, or

directed by Defendant to handle or assist in sending the alleged communications.

Respectfully submitted,

DINO KATTATO, INDIVIDUALLY AND
ON BEHALF OF ALL OTHERS SIMILARLY
SITUATED

*/s/Nicole T. Fiorelli*
Nicole T. Fiorelli, Esq. (#0079204)*
Patrick J. Perotti, Esq. (#0005481)*
Frank A. Bartela, Esq. (#0088128)*
Shmuel S. Kleinman, Esq. (#101330)
**DWORKEN & BERNSTEIN CO., L.P.A.**
60 South Park Place
Painesville, Ohio 44077
(440) 352-3391 // (440) 352-3469 Fax
Email: *pperotti@dworkenlaw.com*
        *nfiorelli@dworkenlaw.com*
        *fbartela@dworkenlaw.com*
        *skleinman@dworkenlaw.com*

*/s/ Paul G. Beers*
Paul G. Beers (VSB # 26725)
Glenn, Feldmann, Darby & Goodlatte
111 Franklin Road, S.E., Suite 200
P.O. Box 2887
Roanoke, Virginia 24001-2887
Telephone: (540) 224-8035
Facsimile: (540) 224-8050
Email: pbeers@glennfeldmann.com

Attorneys for Plaintiff Dino Kattato and the
Class

* Not admitted to practice in Virginia.